UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| DAVID TAUBE, | ) |
|     Plaintiff, | ) Case No. 2:15-cv-02211 |
| v. | ) **COMPLAINT** |
| CENTRAL CREDIT SERVICES LLC, | ) |
|     Defendant. | ) **JURY DEMANDED** |

Now comes the Plaintiff, DAVID TAUBE, by and through his attorneys, and for his Complaint against the Defendant, CENTRAL CREDIT SERVICES LLC, Plaintiff alleges and states as follows:

**PRELIMINARY STATEMENT**

1. This is an action for damages for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq*.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1337 and 1367, and 15 U.S.C. § 1692k(d). This jurisdiction includes supplemental jurisdiction with respect to pendent state law claims.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events and omissions giving rise to this claim occurred in this District.

**PARTIES**

4. Plaintiff is an individual who was at all relevant times residing in Millington, Tennessee.

5. Plaintiff is a "consumer" as defined in 15 U.S.C. § 1692a(3), as he is a natural person allegedly obligated to pay a debt.

6. At all relevant times, Defendant acted as a "debt collector" within the meaning of 15 U.S.C. § 1692a(6), in that it held itself out to be a company collecting a consumer debt allegedly owed by Plaintiff.

7. The aforementioned alleged debt is a "debt" within the meaning of 15 U.S.C. § 1692a(5), in that it is an alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance and/or services which are the subject of the transaction were primarily for personal, family and/or household purposes.

8. On information and belief, Defendant is a limited liability company of the State of Florida, which is licensed to do business in Tennessee, and which has its principal place of business in Jacksonville, Florida.

**FACTS COMMON TO ALL COUNTS**

9. On October 17, 2014, Plaintiff filed a Chapter 13 bankruptcy petition in the United States Bankruptcy Court, Western District of Tennessee, Case No. 14-30760. Defendant was listed as a creditor in Plaintiff's bankruptcy petition. Therefore, Defendant received notice of the filing of Plaintiff's bankruptcy case.

10. During or about October and November of 2014, Defendant caused two collection notices to be mailed to Plaintiff's home address, in attempts to collect the aforementioned alleged debt, which was included in Plaintiff's bankruptcy petition. The collection letters stated that $100.00 would be electronically debited from Plaintiff's checking or savings account.

11.     Defendant caused a total of $200.00 to be electronically debited from Plaintiff's checking account, in collection of the alleged debt, which was included in Plaintiff's bankruptcy petition.

12.     Defendant caused another collection notice dated December 15, 2014 to be mailed to Plaintiff's home address, in another attempt collect the alleged debt, which was included in Plaintiff's bankruptcy petition. The collection letter stated that $100.00 would be electronically debited from Plaintiff's checking or savings account on December 25, 2014.

13.     Plaintiff was forced to place a stop payment order on his account to avoid further electronic debits from Defendant.

14.     In its attempts to collect the alleged debt as outlined above, Defendant damaged Plaintiff and violated the FDCPA.

15.     As a result of Defendant's actions as outlined above, Plaintiff has suffered and continues to suffer actual monetary loss, stress, aggravation, emotional distress and mental anguish.

## COUNT I

16.     Plaintiff incorporates all of the allegations and statements made above as if reiterated herein.

17.     Defendant violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which was to harass, oppress and/or abuse Plaintiff in connection with the collection of the alleged debt.

WHEREFORE, Plaintiff prays for the following relief:

  a. Judgment against Defendant for Plaintiff's actual damages suffered as a direct and proximate result of Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(1);

  b. Judgment against Defendant for $1,000 in statutory damages for Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(2)(A);

  c. Judgment against Defendant for Plaintiff's reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. §1692k(a)(3); and

  d. Any other legal and/or equitable relief as the Court deems appropriate.

## COUNT II

18. Plaintiff incorporates all of the allegations and statements made above as if reiterated herein.

19. Defendant violated 15 U.S.C. § 1692e by using a false, deceptive and/or misleading representation or means in connection with the collection of the alleged debt.

WHEREFORE, Plaintiff prays for the following relief:

  a. Judgment against Defendant for Plaintiff's actual damages suffered as a direct and proximate result of Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(1);

  b. Judgment against Defendant for $1,000 in statutory damages for Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(2)(A);

  c. Judgment against Defendant for Plaintiff's reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. §1692k(a)(3); and

    d.  Any other legal and/or equitable relief as the Court deems appropriate.

## COUNT III

  20.  Plaintiff incorporates all of the allegations and statements made above as if reiterated herein.

  21.  Defendant violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount and/or legal status of the alleged debt.

  WHEREFORE, Plaintiff prays for the following relief:

    a.  Judgment against Defendant for Plaintiff's actual damages suffered as a direct and proximate result of Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(1);

    b.  Judgment against Defendant for $1,000 in statutory damages for Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(2)(A);

    c.  Judgment against Defendant for Plaintiff's reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. §1692k(a)(3); and

    d.  Any other legal and/or equitable relief as the Court deems appropriate.

## COUNT IV

  22.  Plaintiff incorporates all of the allegations and statements made above as if reiterated herein.

  23.  Defendant violated 15 U.S.C. § 1692e(10) by using a false, deceptive or misleading representation or means in connection with the collection of the alleged debt and/or to obtain information about Plaintiff.

  WHEREFORE, Plaintiff prays for the following relief:

    a.    Judgment against Defendant for Plaintiff's actual damages suffered as a direct and proximate result of Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(1);

    b.    Judgment against Defendant for $1,000 in statutory damages for Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(2)(A);

    c.    Judgment against Defendant for Plaintiff's reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. §1692k(a)(3); and

    d.    Any other legal and/or equitable relief as the Court deems appropriate.

## COUNT V

24. Plaintiff incorporates all of the allegations and statements made above as if reiterated herein.

25. Defendant violated 15 U.S.C. § 1692f by using an unfair or unconscionable means to attempt to collect the alleged debt.

WHEREFORE, Plaintiff prays for the following relief:

    a.    Judgment against Defendant for Plaintiff's actual damages suffered as a direct and proximate result of Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(1);

    b.    Judgment against Defendant for $1,000 in statutory damages for Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(2)(A);

    c.    Judgment against Defendant for Plaintiff's reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. §1692k(a)(3); and

      d.      Any other legal and/or equitable relief as the Court deems appropriate.

## COUNT VI

26. Plaintiff incorporates all of the allegations and statements made above as if reiterated herein.

27. Defendant violated 15 U.S.C. § 1692f(1) by collecting an amount where such amount was not permitted by law.

WHEREFORE, Plaintiff prays for the following relief:

      a.      Judgment against Defendant for Plaintiff's actual damages suffered as a direct and proximate result of Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(1);

      b.      Judgment against Defendant for $1,000 in statutory damages for Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(2)(A);

      c.      Judgment against Defendant for Plaintiff's reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. §1692k(a)(3); and

      d.      Any other legal and/or equitable relief as the Court deems appropriate.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues in this action, except for any issues relating to the amount of attorneys' fees and litigation costs to be awarded should Plaintiff prevail on any of his FDCPA claims in this action.

        RESPECTFULLY SUBMITTED,

        DAVID TAUBE

      By: /s/ Gwenthian Joan Hewitt
        Gwenthian Joan Hewitt
        Attorney for Plaintiff

Gwenthian Joan Hewitt
Tennessee Attorney No. 17754
Attorney for Plaintiff
Upright Law LLC
5050 Poplar Avenue
Suite 2400
Memphis, TN 38157
Phone: (901) 864-9977
gwenhewitt@mac.com